UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA          *
                                  *
             Plaintiff,           *
                                  *
v.                                *   Misc. No. 08-0021-KD-M
                                  *
                                  *
JULIE GOOD,                       *
                                  *
             Respondent.          *

## ORDER

This matter is before the court on the United States' Petition to Enforce an Internal

Revenue Service (IRS) Summons.  (doc. 1) Upon consideration of the record, the Petition is

GRANTED and the IRS Summons is hereby ENFORCED.

On November 12, 2008, the United States filed a Petition seeking an order from the court

enforcing an IRS Summons.  Shortly thereafter, the court entered an Order requiring respondent,

Julie Good, to appear before the court on January 13, 2009, to show cause why she should not be

compelled to comply with the Summons.  (doc. 3)  The court further ordered respondent to file a

written response to the United States' Petition, two weeks prior to the hearing (December 31,

2008), and to serve on the United States any defenses or motions in opposition; any uncontested

allegations in the petition are deemed to be admitted.  Respondent filed a response on January 5,

2009. (doc. 6)[1]

The Eleventh Circuit has described the requirements the IRS must establish for judicial

_____

[1]  The response is signed and dated December 30, 2008, and is deemed timely filed.  The
document is entitled "Objection to Motion to Withdraw Petition to Enforce Summons."
However, no motion to withdraw the petition has been filed by the government in this case.

enforcement of an IRS summons as follows:

> In order to succeed in enforcing a summons, the IRS must show four elements: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. Medlin, 986 F.2d at 466.

> Once the showing required by Powell is made, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). The taxpayer does not meet his burden by contesting the underlying validity of the assessment because the validity of the assessment may not be challenged in a summons enforcement proceeding. United States v. Harper, 662 F.2d 335, 336 (5th Cir. Unit B Nov.1981)

U.S. v. Morse, 532 F.3d 1130, 1132 (11th Cir. 2008).

The government's burden is slight and is typically met be providing an affidavit from the IRS agent issuing the summons. Id. citing United States v. Medlin, 986 F.2d 463, 466 (11th Cir.1993). In the present case, the IRS has presented the affidavit of agent Richard Wilder setting out the required elements. Accordingly, the court finds that the IRS has satisfied its burden as articulated under Powell.

The burden now shifts to respondent " 'to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process.'" Morse, 532 F.3d at 1132, quoting La Mura v. United States, 765 F.2d 974, 979-80 (11th Cir.1985). The respondent has not met this burden. In fact, in response to the petition, respondent states, in part that she has no objection to the issuance of

the summons.[2]  Accordingly, the court finds that the United States is entitled to the requested

relief.  Pursuant to 26 U.S.C. § 7604(a), it is hereby ORDERED that respondent, JULIE GOOD

shall appear in person before IRS Revenue Officer Richard Wilder, or any other officer

designated by the IRS, at the following location: **IRS Office - 1110 Montlimar Drive, Room**

**300,  Mobile, Alabama on Friday, February 27, 2009, at 9:00 a.m., (Agent Richard Wilder**

**251/341-5923)**  at which time Respondent shall comply fully with the Summons and produce

books, papers, records, or other requested information, or give testimony in accordance with the

summons.

       The United States Marshal's Service shall serve Respondent with a copy of this Order

within 30 days.  By service of this Order Respondent is hereby placed on notice that her failure

to comply with this Order in a timely fashion and in full will render her in contempt of court and

will result in appropriate civil-contempt sanctions, including imprisonment and/or fines,

according to law and without further notice.  See 26 U.S.C. § 7604 (b); United States v. Money,

744 F. 2d 779 (11th Cir. 1984); United States v. Hayes, 722 F. 2d 723 (11th Cir. 1984).  The court

---

       [2]  Respondent does raise a general Fifth Amendment defense.  While a taxpayer is
entitled to invoke this privilege in response to the IRS's investigation, he "'must provide more
than mere speculative, generalized allegations of possible tax-related prosecution....[T]he
taxpayer must be faced with substantial and real hazards of self-incrimination.'" U.S. v.
Argomaniz, 925 F. 2d 1349, 1353 (11th Cir. 1991); Hoffman v. United States, 341 U.S. 479,
486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951) ("The witness is not exonerated from answering
merely because he declares that in so doing he would incriminate himself-his say-so does not of
itself establish the hazard of incrimination. It is for the court to say whether his silence is
justified....") Thus, the Fifth Amendment privilege may not be asserted generally, but must be
made on a question by question basis.  See Argomaniz, 925 F. 2d at 1355 (district court must
review assertions of privilege on a question by question basis); see also United States v.
Roundtree, 420 F.2d 845, 852 (5th Cir.1969) ("The district court may then determine by
reviewing ... [the taxpayer's] records and by considering each question whether, in each instance,
the claim of self-incrimination is well-founded.")

retains jurisdiction over this matter for the purpose of enforcing its Orders and imposing

appropriate sanctions against Respondent if he fails to comply with the terms of this Order.

    **DONE** and **ORDERED** this the 14<u>th</u> day of January 2009.


                        /s/ Kristi K. DuBose
                        **KRISTI K. DuBOSE**
                        **UNITED STATES DISTRICT JUDGE**